UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HENRY JENNINGS | Case Number |
| Plaintiff | |
| vs. | CIVIL COMPLAINT |
| NATIONAL ACTION FINANCIAL SERVICES, INC. | JURY TRIAL DEMANDED |
| Defendant | |

COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Henry Jennings, by and through his undersigned counsel, Brent F. Vullings, Esquire complaining of Defendant and respectfully avers as follows:

## I.   INTRODUCTORY STATEMENT

1.   Plaintiff, Henry Jennings (hereinafter "Plaintiff"), is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.     JURISDICTION

2.     Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.     Venue in this District is proper in that the Defendant transacts business here and maintains a registered office in this District.

## III.     PARTIES

4.     Plaintiff, Henry Jennings, is an adult natural person residing at 1600 Columbia Road, Apt. F1, Orangeburg, SC 29115.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.     Defendant, National Action Financial Services, Inc., at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the State of South Carolina and the Commonwealth of Pennsylvania with its principal place of business located at 165 Lawrence Bell Drive, Suite 100, Williamsville, NY 14221 and a registered office located at 116 Pine Street, Suite 320, Harrisburg, PA 17101.

6.     Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.   FACTUAL ALLEGATIONS

7. Beginning in February 2009, Plaintiff has experienced a series of harassing and abusive phone calls from agents of the Defendant who are collecting on behalf of Chase for an alleged debt.

8. Starting in or around March 2009, Plaintiff has consistently paid the Defendant $300.00 on the 30th of every month pursuant to a payment plan.

9. Despite being enrolled in a payment plan, Plaintiff continually receives harassing phone calls from agents of the Defendant asking when his payment would be made.

10. In March 2010, agents of the Defendant called the Plaintiff nearly every day claiming he missed the February 2010 payment.

11. Plaintiff did in fact make the February 2010 payment on time and as agreed.

12. One particular agent of the Defendant, "Bruce Clough", was the Plaintiff's most frequent caller. This agent placed calls to the Plaintiff numerous times at his place of employment despite being told to cease.

13. When agents of the Defendant could not reach the Plaintiff at his employer, they would badger his co-workers regarding his whereabouts.

14. During this period of time when the Defendant alleged that a payment for the month of February 2010 was never sent, an agent of the Defendant also placed a call to Plaintiff's mother.

15. During the call to the Plaintiff's mother, Plaintiff's mother was told by an agent of the Defendant that a co-worker of the Plaintiff was rude to the agent when they

called. The agent then went on to demand that the Plaintiff's mother call the Plaintiff and make him return the calls they've placed to him.

16. Under the assumption that his February payment was somehow lost, Plaintiff sent out an additional payment in good faith.

17. Plaintiff also sent out his regularly scheduled March payment near the end of the month, expecting it to be cashed on March 30, 2010 as usual.

18. Plaintiff's initial February money order was eventually cashed nearly an entire month later on March 25, 2010 instead of the scheduled monthly date, despite Defendant's insistence that it was never sent.

19. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

20. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

21. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

22. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

23. The above paragraphs are hereby incorporated herein by reference.

24. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

25. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

> § 1692c(a)(1): At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer
>
> § 1692c(a)(3): At place of employment when knows that the employer prohibits such communications
>
> § 1692d: Any conduct that natural consequence of which is to harass, oppress or abuse any person
>
> § 1692e: Any other false, deceptive or misleading representation or means in connection with the debt collection
>
> § 1692e(10): Any false representation or deceptive means to collect a debt or obtain information about a consumer
>
> § 1692f: Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against National Action Financial Services, Inc. for the following:

a. Actual damages;

d. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date: April 22, 2010

BY: /s/ Brent F. Vullings
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff